IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02742-CMA-MJW

BENNETT I. MACHANIC, M.D.,

Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, et al.,

Defendants.

---

**ORDER REGARDING
PLAINTIFF'S DISPUTED MOTION TO STRIKE UNTIMELY DESIGNATION OF
NON-RETAINED AND RETAINED EXPERT WITNESSES (DOCKET NO. 90)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Disputed Motion to Strike Untimely Designation of Non-Retained and Retained Expert Witnesses (docket no. 90). The court has reviewed the subject motion (docket no. 90) and the response (docket no. 102) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff seeks in the subject motion (docket no. 90) an Order from this court striking rebuttal experts Dr. Likosky and Dr. Murphy and an Order striking the designation of Costas Lambrew, M.D., Joseph Z. Davids, M.D., Arthur Dumont, and Alex W. Ursprung, Ph.D., as non-retained rebuttal witnesses.  In the alternative to striking Arthur Dumont and Alex W. Ursprung as witnesses, Plaintiff requests an Order from this court that such witnesses be deposed on their rebuttal opinions at the expense of the Defendants including Plaintiff's counsel's reasonable travel expenses and deposition costs;

5. That Helen Woodard, M.A. has been retained by Plaintiff as an expert witness to provide an **"assessment and opinion regarding employability."**  As part of her "vocational" opinion, she opines that Plaintiff (Dr. Machanic) is not employable.  In her report, Ms. Woodward states that "[t]he limitations of working 32 hours per week and not taking calls in the evenings or on the weekends or holidays, will likely preclude Dr. Machanic from doing the substantial and material functions of the job of a neurologist."  See exhibit 1 attached to response (docket no.

102);

6. That the reports from Defendants' experts, Dr. Murphy and Dr. Likosky, as proffered, rebut the above conclusions by Ms. Woodward. See exhibit 2 attached to response (docket no. 102);

7. That Plaintiff will be required to lay a proper foundation consistent with Federal Rule of Evidence 702 for any of his proffered expert witnesses at trial, including, but not limited to, Ms. Woodard, and Judge Arguello shall act as the "gatekeeper" and make rulings on the qualifications of each expert and the scope of the expert's opinions for each of the Plaintiff's proffered expert witnesses. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999); United States v. Nacchio, 555 F.3d 1234 (10th Cir. 2009);

8. That Defendants will be required to lay a proper foundation consistent with Federal Rule of Evidence 702 for any of their proffered expert witnesses at trial, including, but not limited to, Dr. Murphy and Dr. Likosky, and Judge Arguello shall act as the "gatekeeper" and make rulings on the qualifications on each expert and scope of expert's opinions for each of the Defendants' proffered expert witnesses. See Daubert; Kumho Tire Co.; United States v. Nacchio;

9. That Plaintiff's argument regarding the fact that Defendants have

4

already endorsed Dr. June Hagen, Ph.D., as a vocational rehabilitation specialist, and therefore Dr. Murphy's and Dr. Likosky's proffered testimony would be cumulative and irrelevant under Federal Rules of Evidence 401 and 403, is premature. Although the trial court has the authority under Federal Rule of Evidence 601 to determine the mode and presentation of the evidence, normally a trial court will allow each side of the lawsuit to decide in which order they wish to call a given witness. Accordingly, Plaintiff may raise any appropriate evidentiary objection at trial to include objections under Rules 401 or 403 or any other recognized evidentiary objection under the Federal Rules of Evidence **if and when** Defendants decide to call any witness, including, but not limited to, Dr. Hagen, Dr. Murphy, and Dr. Likosky;

10. That the designations of Defendants' retained and non-retained experts are not untimely;

11. That Plaintiff states in paragraph 3. captioned "Statement of Claims and Defenses" in the Rule 16 Scheduling Order (docket no. 21), the following:

> **Plaintiff: Plaintiff is a medical doctor specializing in the practice of neurology. Plaintiff for many years has paid premiums and been insured under three disability**

**insurance policies ("the Policies") issued by Defendant Provident Life and Accident Insurance Company. ("Provident").  Provident is a principal operating subsidiary of Defendant UNUM Group ("UNUM").  In May 2005, the Plaintiff developed a medical condition and applied for benefits under the Policies.  Provident determined that the Plaintiff was eligible to receive "Residual Disability" benefits under the Policies effective August 17, 2005, based on a residual disability date of May 19, 2005. On March 17, 2008, the Plaintiff made a claim for "Total Disability" benefits effective as of December 17, 2007, pursuant to the definition of "Total Disability" in the Policies.  Plaintiff has made claims for total disability benefits under the Policies, including : 1) Unreasonable Delay/Denial of Benefits pursuant to C.R.S. 10-3-1116; 2) Breach of Contract; and 3) Bad Faith Breach of Contract."**

12. That Plaintiff is seeking damages for each of his claims listed above in paragraph 11 that exceed 1 million dollars.  See paragraph 5. captioned "Computation of Damages" in the Rule 16 Scheduling Oder (docket no. 21);

13. That Non-Retained Rebuttal Experts Drs. Davids, Lambrew, and

       Ursprung and Mr. Dumont are witnesses who may be called by Defendants at trial concerning what they did in conjunction with deciding entitlement to total disability benefits for Plaintiff.  That Plaintiff has alleged that both cardiac and psychiatric conditions have prevented him from being able to do "material and substantial duties" of his occupation, and that Defendants' proffered Non-Retained Rebuttal Experts: Drs. Davids, Lambrew, and Ursprung have concluded that this is not true;

14. That Mr. Dumont and Dr. Ursprung were deposed on August 12, 2009, and October 2, 2009, respectfully.  That Plaintiff argues that he only deposed these two witnesses as fact witnesses and not as non-retained expert witnesses.  That Dr. Davids' deposition was requested but not set because he is currently disabled and unavailable to testify;

15. That Defendants will be required to lay a proper foundation consistent with Federal Rule of Evidence 702 for any of their proffered expert witnesses at trial, including, but not limited to, the designated non-retained experts, Drs. Davids, Lambrew, Ursprung and Mr. Dumont, and Judge Arguello shall act as the "gatekeeper" and shall make rulings on: (a) the qualifications of each of these non-retained experts; (b) whether each of these non-retained experts are, in fact, rebuttal experts; and (c) the scope of expert opinions for each of the Defendants' non-

retained experts witnesses. See See Daubert; Kumho Tire Co.; United States v. Nacchio; and

16. That Plaintiff should be permitted to depose Mr. Dumont and Dr. Ursprung who are two of the Defendants' designated rebuttal non-retained experts witnesses.  Such additional depositions should be limited in scope to their proffered expert rebuttal opinions.  Allowing Plaintiff to re-depose Mr. Dumont and Dr. Ursprung regarding their proffered expert rebuttal opinions would not be prejudicial to Defendants, noting that the deadline to complete discovery is currently March 1, 2010; the Final Pretrial Conference is not set until May 12, 2010; and no trial date is set.

### ORDER

**WHEREFORE,** based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Disputed Motion to Strike Untimely Designation of Non-Retained and Retained Expert Witnesses (docket no. 90) is **GRANTED IN PART AND DENIED IN PART**;

2. That the subject motion (docket no. 90) is **GRANTED** insofar as the Plaintiff is permitted to re-depose Mr. Dumont and Dr. Ursprung regarding their proffered expert rebuttal opinions **only** for an additional two hours each.  The cost for these depositions shall be paid by Plaintiff;

8

    3.    That the subject motion (docket no. 90) is **DENIED** as to Striking Defendants' Retained and Non-Retained Expert Witnesses; and

    4.    That each party pay their own attorney fees and costs for this motion.

Done this 4th day of December 2009.

                BY THE COURT

                <u>s/ Michael J. Watanabe</u>
                MICHAEL J. WATANABE
                U.S MAGISTRATE JUDGE