IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02742-CMA-MJW

BENNETT I. MACHANIC, M.D.,

Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY and UNUM GROUP,

Defendants.

---

ORDER REGARDING
(1) DEFENDANTS' MOTION TO COMPEL AND FOR LEAVE TO SERVE SUBPOENA
*DUCES TECUM* ON NEUROLOGICAL CONSULTING, P.C.
(DOCKET NO. 149)

AND

(2) PLAINTIFF'S MOTION FOR PROTECTIVE ORDER & RESPONSE TO MOTION
TO COMPEL (DOCKET NO. 166)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendants' Motion to Compel and for Leave to Serve Subpoena *Duces Tecum* on Neurological Consulting, P.C. (docket no. 149) and Plaintiff's Motion for Protective Order & Response to Motion to Compel (docket no. 166). The court has reviewed the motions and response. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

   > Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

   Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed

discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

5. That Plaintiff Bennett I. Machanic, M.D. (hereinafter "Plaintiff"), asserts in this case that he is totally disabled under the Disability Insurance Policies from Provident Accident Insurance Company (hereinafter referred to as "Provident" or "UNUM") because he is unable to perform the material and substantial duties of his occupation;

6. That the scope and focus of this discovery dispute in Defendants' Motion to Compel and for Leave to Serve Subpoena *Duces Tecum* on Neurological Consulting, P.C. (docket no. 149), centers around the demise of Plaintiff's practice with Neurological Consultants, P.C. (hereinafter "Neurological Consultants"), and circumstances that contributed to his decision to sell his shares in the practice and open up a solo practice;

7. That during Plaintiff's deposition on June 4, 2010, Provident learned that Plaintiff resigned from his position at Neurological Consultants and is currently working as a solo practitioner treating patients with particular neurological conditions. Moreover, during Plaintiff's

deposition, he was instructed by his attorney not to answer certain questions concerning the buy-sell agreement with Neurological Consultants and his lawsuit against Neurological Consultants;

8. That pursuant to Fed. R. Civ. P. 30(c)(2), a person may instruct a deponent not to answer only when necessary to preserve a privilege, enforce a limitation ordered by the court, or present a motion under Rule 30(b)(3). Further, D.C.COLO.LCivR 30.3(A)(3) provides for sanctions against a party or his attorney for deposition conduct that violates Rule 30(c)(2);

9. That Plaintiff alleged in his parallel state court case that Neurological Consultants' shareholders attempted to "squeeze" him out of the practice by, among other things, taking the position that Plaintiff is under a disability, as the term is defined in Plaintiff's buy-sell agreement with Neurological Consultants, thereby triggering the obligation of Plaintiff to sell his shares to the practice. See docket no. 149, tab D hereto, Complaint at paragraph 60;

10. That the supplemental documents produced by Plaintiff in response to Defendants' Request for Production Nos. 2 and 9 were redacted. In light of the incomplete information that has been provided to Defendant by Plaintiff, the Defendant should be allowed to serve Neurological Consultants with a subpoena *duces tecum* for complete copies of all documents concerning the termination of Plaintiff's relationship with Neurological Consultants, the sale and/or

transfer of Plaintiff's interest in Neurological Consultants, including correspondence, notes, memoranda, letters, and/or agreements between Plaintiff, Neurological Consultants, its shareholders and any representatives of the foregoing; and

11. That Provident is entitled to discover information related to the demise of Plaintiff's practice at Neurological Consultants and his negotiations with the Neurological Consultants' shareholders to leave the practice, including information regarding the buy-sell agreement, the letters between the shareholders, and the definition of disability contained in the buy-sell agreement. Such information is relevant to the issues before the court in this lawsuit and may lead to admissible evidence at trial on whether Plaintiff has taken inconsistent positions concerning his disability in the case at bar and in his parallel state court case. I further find that any concerns regarding confidentiality of the such information is adequately addressed by the Protective Order that has been entered in this case.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion to Compel and for Leave to Serve Subpoena Duces Tecum on Neurological Consulting, P.C. (docket

no. 149) is **GRANTED**. Defendant may serve a Subpoena *Duces Tecum* upon Neurological Consultants, P.C., for complete copies of all documents concerning the termination of Plaintiff's relationship with Neurological Consultants, the sale and/or transfer of Plaintiff's interest in Neurological Consultants, including correspondence, notes, memoranda, letters, and/or agreements between Plaintiff, Neurological Consultants, its shareholders and any representatives of the foregoing. That Plaintiff shall produce unredacted copies of all documents responsive to Defendants' Requests for Production of Documents Nos. 2 and 9, including documents that have been produced previously in any form to Defendant on or before October 12, 2010. That the parties shall forthwith meet, confer, and set a new date to complete Plaintiff's discovery deposition. At the continued discovery deposition, the Plaintiff shall answer those questions that he refused to answer during his first deposition concerning those areas as outlined in paragraphs 9 and 10 above. Plaintiff may still object to any question during his continued discovery deposition on the basis of the form of the question or on privilege grounds. Plaintiff's continued discovery deposition shall be completed by October 29, 2010. Defendant is granted **an additional three (3) hours** to complete Plaintiff's continued discovery deposition in those areas of inquiry contained in

paragraphs 9 and 10 above. If Defendant had reserved some of his deposition time during the initial deposition of Plaintiff on June 4, 2010, then Defendant is also allowed that time to complete Plaintiff's continued discovery deposition;

2. That Plaintiff's Motion for Protective Order & Response to Motion to Compel (docket no. 166) is **DENIED**; and

3. That each party shall pay their own attorney fees and costs for these two motions finding that under the facts and circumstances of this case, an award of expenses would be unjust.

Done this 20th day of September 2010.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE